UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES JOHNSON,

     Plaintiff,

         v.                      CAUSE NO. 3:26-CV-840-GSL-AZ

ALLEN COUNTY CRIMINAL
DIVISION, et al.,

     Defendants.

<u>OPINION AND ORDER</u>

James Johnson, a prisoner without a lawyer, filed an unsigned complaint. ECF 1.
Federal Rule of Civil Procedure 11(a) requires all filings be signed. Normally, the court
would grant him time to sign it, but here that would be futile because the complaint
does not state a claim. The complaint makes broad allegations about how criminal cases
are handled in Allen County, but he does not say what happened to him or how any of
the defendants were personally involved.

A complaint must contain sufficient factual matter "to state a claim to relief that
is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim
has facial plausibility when the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
"Factual allegations must be enough to raise a right to relief above the speculative level,
on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Additionally, he must resolve his filing fee status either by paying the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court: GRANTS James Johnson, until **July 29, 2026**, to resolve his filing fee status and file an amended complaint; and CAUTIONS him if he

does not respond by the deadline, this case will be dismissed without further notice and the filing fee waived because he has not yet filed a signed complaint.

SO ORDERED on June 18, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT